Shackeleobd, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court, of the County of Grainger, to enforce the collection of a judg- *305 merit, Jesse Livingston obtained against the complainant, as the security of Russell Riggs.
It appears from the record, the complainant became the security for Russell Riggs, on a note executed to Jesse Livingston. A judgment was rendered against him and his principal, for $446 and costs, by a Justice of the Peace for the county; the judgment reciting the fact of securityship, after the rendition of the judgment. Riggs died, and administration was granted on his estate. The administrators suggested the insolvency, and filed their bill under the insolvent laws, in the County of Jefferson, to wind it up. Wliile the suit was pending, Livingston died.
Administration was granted to defendant, and execution issued to the Sheriff of Grainger, who levied on a negro belonging to the estate of Riggs, and returned the same to the Chancery Court of Jefferson. Another execution was issued; and this bill has been filed to enjoin the collection of the debt from the' complainant, until the estate of Riggs is wound up, and the amount ascertained and credited on the execution. A demurrer was filed to the bill, which was allowed by the Chancellor, and the bill dismissed; from which an appeal was taken. There is no error in this decree. Between the creditor and debtor, who are upon the note or bond — all are principals — he may sue one or all. When the principal and security are sued, if the fact of securityship appears in the judgment, it is ■made the duty of the officer, by section 3028 of the Code, to exhaust the property of the principal, both real and personal, before proceeding to sell the prop *306 erty of the security. From the statement in the bill, the principal is insolvent, and a bill has been filed to wind up the estate under the insolvent laws. Upon filing a bill, an injunction issued, prohibiting all persons from suing, and directing the claims to be filed for adjudication. The levy upon the slave was a violation of the injunction — was unauthorized, and without the authority of law — the principal having no property subject to levy and sale.
The defendant, under the provisions of the Code referred to, cannot be held to wait until the proceeding in the case of Eussell Riggs’ estate are closed: 3 Head, 553.
The decree of the Chancellor will be affirmed.